**DISTRICT COURT OF MARYLAND FOR** Baltimore City

LOCATED AT (COURT ADDRESS)
501 E Fayette Street
Baltimore, Maryland 21202

COMPLAINT ☐ $5,000 or under ☐ over $5,000 ☒ over $10,000
Clerk: Please docket this case in an action of ☐ contract ☒ tort
☐ replevin ☐ detinue ☐ bad faith insurance claim

The particulars of this case are:

SEE ATTACHED COMPLAINT

**CASE NO.**
CV

**PARTIES**

Plaintiff
Demetrius Nickens
3409 Northway Drive
Parkville, Maryland 21234

vs.

Defendant(s):
1. Experian Information Solutions, Inc
   Serve: The Corporation Trust Corp.
   300 E Lombard Street
   Baltimore, Maryland 21202

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

2. 
Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

3.
Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

4.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

(See Continuation Sheet)
☒ Legal
☐ Contractual _____ %

The Plaintiff claims:
☒ $ 30000.00 plus interest of $ _____ and attorney's fees of $ _____ plus court costs.
☐ Return of the property and damages of $ _____ for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of $ _____ for its detention in action of detinue.
☐ Other: _____
and demands judgment for relief.

Signature of Plaintiff/Attorney/Attorney Code

Telephone Number: 443-221-5856

**ATTORNEYS**
For Plaintiff - Name, Address, Telephone Number & Code
Demetrius Nickens (PRO-SE)
3409 Northway Drive
Parkville, Maryland 21234

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.

☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☒ Other written document ☒ Copies of Correspondence _____ ☐ Verified itemized repair bill or estimate

I HEREBY CERTIFY: That I am the ☒ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters. ☒ The Defendant(s) ☐ is/are in the military service ☒ is/are not in the military service and the facts supporting this statement are: _____

☐ I am unable to determine whether or not any Defendant is in military service.

Date: 2-27-2010

Signature of Affiant

DC/CV 1 (front) (Rev. 8/2008)

## NOTICE TO DEFENDANT BEFORE TRIAL

If you agree that you owe the amount claimed, it may not be necessary for you to come to Court. Contact the Plaintiff if you wish to make payment. If you are appearing in court on the trial date, bring letters, receipts, and contracts which may help you. If you need a witness, contact the Clerk's office about a summons to the witness.

## NOTICE IF JUDGMENT IS ENTERED

If the Court awards judgment in this case to the Plaintiff, you as the Judgment Debtor, may do several things before submitting payment to satisfy the judgment. One is to appeal the decision to the circuit court sitting in that District. This is what's involved in an APPEAL of a District Court judgment—

1. 30 DAYS—You would have 30 days from the day of an adverse judgment within which to note your appeal at the District Court and there pay the higher court's filing fee. If you qualify as indigent, you may at that time petition the District Court to waive the collection of this fee.
2. TRANSCRIPT COSTS—If the amount which you were sued was $5,000 or less (not counting interest or attorney's fees), the circuit court would hear your appeal as an entirely new case from start to finish. Therefore, no transcripts from the District Court trial would be necessary. If, however, this amount should exceed $5,000, the higher court would hear your appeal on the record of what transpired in the District Court. That appeal requires a transcript of the District Court trial record. For information and costs to obtain a transcript refer to the Transcripts and Recordings brochure DCA 27 available at the clerk's office.

**Another option after an adverse judgment is to file a MOTION FOR A NEW TRIAL.**

1. 10 DAYS—You have 10 days from day of judgment to do this.
2. GRANT/DENY—If the Court grants your motion, you will receive a summons to a new trial.

**The last options are to file MOTIONS to change the JUDGMENT.**

1. 10 DAYS for ALTERING or AMENDING the judgment.
2. 30 DAYS for REVISING the judgment.

If you would not want to move on any of these options, then you should make all possible arrangements with the Plaintiff or the Plaintiff's attorney to pay the judgment amount. Should you not do this, the Plaintiff could request the Court's enforcement powers. These enforcement procedures include—

1. INTERROGATORIES—This is an attempt to locate any assets you may have. This requires written answers.
2. ORAL EXAMINATION—Another attempt to locate any assets you may have. This requires your appearing in court to answer questions. The Court backs up these plaintiff attempts at discovery by bringing its contempt powers to bear on an unresponsive defendant. More stringent enforcements you should know about include—
3. WRIT OF EXECUTION—Such a writ could order the levying or seizure and sale of any of your goods. And you, in such a circumstance, would bear the expenses of the seizure (e.g. towing, moving, storage fees; auctioneer's fees, advertising costs). Some of your goods are, by their nature, exempt from such action—
   (a) Wearing apparel, books, tools, instruments, or appliances necessary for the practice of any trade or profession, except those kept for sale, lease, or barter, in an amount not to exceed $5,000 in value.
   (b) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance benefits, compensation and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability occurred.
   (c) Professionally prescribed health aids for you or any of your dependents.
   (d) Your interest, not to exceed $1,000 in value, in household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for personal family or household use by you or your dependents.
   (e) Cash or property of any kind equivalent in value to $6,000, if within 30 days from the date of the attachment or levy you elect to exempt cash or selected items of property in an amount not to exceed a cumulative value of $6,000.
4. GARNISHMENT OF PROPERTY—Such a writ, attaching certain assets of yours in the hands of someone else, would order that other party (e.g. bank holding your account, agent) to hold the asset subject to further court proceedings.
5. GARNISHMENT OF WAGES—Such a writ would order your employer to begin withholding from your wages the amount left over after deducting what is lawfully required and after exempting money that may not be garnished.
   Exemptions from garnishment—
   (1) the greater of: (a) 75 percent of the disposable wages due; OR (b) 30 times the federal minimum hourly wages under the Fair Labor Standards Act in effect at the time the wages are due; AND (2) any medical insurance payment deducted from an employee's wages by the employer. Other federal exemptions may be available. Disposable wages means the part of wages that remain after deduction of any amount required to be withheld by law. Finally, should you become the Judgment Debtor you should know that judgment is public information and anyone may request a copy of it.
   To Plaintiff: If the Court enters a judgment for a sum certain, you have a right to obtain a lien on real property.

DC/CV 1 (back) (Rev. 8/2008)

## IN THE DISTRICT COURT OF MARYLAND FOR BALTIMORE CITY

| | |
|---|---|
| **DEMETRIUS C. NICKENS** )<br>3409 Northway Drive )<br>Parkville, Maryland 21234 )<br>    Plaintiff )<br>)<br>Vs. )<br>)<br>**EXPERIAN INFORMATION SOLUTIONS** )<br>a Maryland Foreign Corporation )<br>Serve: The Corporation Trust Corp )<br>300 E. Lombard Street )<br>Baltimore, Maryland 21202 )<br>    Defendant ) | Case No.: _____ |

### COMPLAINT AND JURY TRIAL PRAYER

NOW COMES, Demetrius C. Nickens, "Plaintiff", sues Experian Information Services, and in support of his complaint state:

1. Jurisdiction of this Court is proper under 28 U.S.C. 1331 and 15 U.S.C. 1681(p)

2. On or about February 12, 2010, Plaintiff initiated a dispute of his credit regarding inaccurate information being reported. Exhibit A

3. Specifically, several accounts were reporting incorrectly and the Plaintiff's credit report reported him as being deceased.

4. On or around February 23, 2010, Plaintiff received a letter from the Defendant, advising that they were taken no action on the request because they had deemed the request fraudulent and suspicious. Exhibit B.

5. The Defendant stated no facts upon which determination to reject Plaintiff dispute of inaccurate information it was reporting on his credit bureau.

6. Plaintiff continues to be denied credit due to the inaccurate reporting of him being deceased. Exhibit C

7. Plaintiff has suffered damages for the willful refusal of the Defendant to act with diligence.

8. Plaintiff has been unable to exercise his right to participate in commerce due to the Defendant's failure to credit his credit report.

### COUNT I- WILLFULL NONCOMPLIANCE – 15 U.S.C. 1681(N)

9. All previous paragraphs are incorporated herein as if independently plead.

10. The Defendant was notified of the inaccurate information and the need for an investigation.

11. The Defendant refused to comply with the investigation procedures.

12. The Defendant had not justifiable reason for its non-compliance and its non-compliance was willful and malicious.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages in the amount of $1,000.00, cost and reasonable attorneys fees.

### COUNT II- NEGLIGENT NONCOMPLIANCE- 15 U.S.C. 1681(o)

13. All previous paragraphs are incorporated herein as if independently plead.

14. The Defendant was notified of the inaccurate information and the need for an investigation.

15. The Defendant refused to comply with the investigation procedures.

16. The Defendant had not justifiable reason for its non-compliance and its non-compliance was willful and malicious.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages in the amount of $1,000.00, cost and reasonable attorneys fees.

## COUNT III-WILLFULL VIOLATION OF 15 U.S.C. 1681(e)(b)

17. Plaintiff incorporates all paragraphs as if herein restated for reference.

18. The Defendant's willfully violated 15 U.S.C 1681(e)(b) by refusing to investigate a legitimate dispute from a consumer.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages in the amount of $1,000.00, cost and reasonable attorneys fees.

## COUNT IV- WILLFULL VIOLATION OF 15 U.S.C. 1681(i)(a)(5)(a)

19. Plaintiff incorporates all paragraphs as if herein restated for reference.

20. The Defendant's willfully violated 15 U.S.C 1681(i)(a)(5)(a) by refusing to investigate a legitimate dispute from a consumer.

21. Said refusal was without justification or provocation and was neglectful to say the least.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages in the amount of $1,000.00, cost and reasonable attorneys fees.

## COUNT V- WILLFULL VIOLATION OF MARYLAND FCRA 14-205(B)

22. Plaintiff incorporates all paragraphs as if herein restated for reference.

23. The Defendant's by failing to follow in its preparation of a consumer report the reasonable procedures to assure maximum possible accuracy of the information concerning the individual about who report relates.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages in the amount of $5,000.00, cost and reasonable attorneys fees.

## COUNT VI- WILLFULL VIOLATION OF MARYLAND FCRA 14-208(A)(1)

24. Plaintiff incorporates all paragraphs as if herein restated for reference.

25. The Defendant's by failing to perform the required investigation when Plaintiff disputed the account, the Defendant violated 14-208(a)(1).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages in the amount of $2,000.00, cost and reasonable attorneys fees.

### COUNT VII- WILLFULL VIOLATION OF MARYLAND FCRA 14-1208(A)(2)

26. Plaintiff incorporates all paragraphs as if herein restated for reference.

27. The Defendant's by failing to delete within 7 business days the information from Plaintiff credit report or file violated 14-208(a)(2).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages in the amount of $4,500.00, cost and reasonable attorneys fees.

### COUNT VIII- WILLFULL VIOLATION OF MARYLAND FCRA 14-1208(A)

28. Plaintiff incorporates all paragraphs as if herein restated for reference.

29. The Defendant in its February 19, 2010, correspondence violated 14-1208(a) by refusing to investigate Plaintiffs dispute when it was required to accept said dispute documents and provide relevant information to the furnisher.

30. The Defendant instead took no action without any basis in law or fact.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages in the amount of $7,000.00, cost and reasonable attorneys fees.

Respectfully Submitted,
DEMETRIUS NICKENS

Pro Se Plaintiff
3409 Northway Drive
Parkville, Maryland 21234
443-221-5856
F 443-213-1480

4